# Wiles Law LLC

4737 Reed Road #326
Upper Arlington, OH 43220
(937) 361-5531
mwiles77@gmail.com

---

November 17, 2022

6th Circuit Court of Appeals
Potter Stewart Courthouse
100 E. Fifth Street
Cincinnati, OH 45202

  Re: Case No. 22-3377, *Total Quality Logistics, LLC v. Traffic Tech, Inc.*, *et al.*

Please allow this to serve as the supplemental letter briefing by Appellee Total Quality Logistics, LLC ("TQL") ordered by the Court. *See* Doc. 22. The injunctive order from which Appellants Nickolas Dugger and Traffic Tech, Inc. ("Appellants") appeal expired on September 24, 2022. The appeal, therefore, is moot and no exception to mootness applies.

**A. Appellants' Appeal is Moot Because the Injunctive Order From Which Appeal Was Taken Has Expired and They Are No Longer Restrained**

The Supreme Court has long held that, where an injunction from which an appeal has been taken has "expired by its own terms," there is no actual case or controversy before the reviewing court and the appeal is moot. *See Oil, Chemical, and Atomic Workers Int'l Union v. Missouri*, 361 U.S. 363, 367 (1960). Put more succinctly by this Court, on an appeal challenging the issuance of a preliminary injunction, "[w]hen [the] injunction order expires, there generally is nothing for an appellate court to review." *Appalachian Regional Healthcare, Inc. v. Coventry Health & Life Ins. Co.*, 714 F.3d 424, 429 (6th Cir. 2013); *see also Roe v. Snyder*, 2019 U.S.

Dist. LEXIS 129122, 2019 WL 7422008 (6th Cir. Apr. 26, 2019) ("[A]ny preliminary injunction challenge is also moot because the preliminary injunction is no longer in effect.").

There is no question that the injunction in this case expired by its own terms in September 2022. Appellants are no longer restrained. Thus, there is nothing in effect left for Appellants to challenge and the instant appeal is moot.

**B.      No Exception to Mootness Applies**

The only exception to mootness worthy of discussion is whether the alleged wrongs suffered by Appellants for which they seek redress from this Court would be rendered "capable of repetition, yet evading review." For the exception to apply, two showings must be made: (1) that the injunction order was too short in its duration to be fully litigated prior to its expiration; and (2) that there is a reasonable expectation that Appellants would be subject to the injunction again. *Appalachian*, 714 F.3d at 430. Because this is a dispute between private parties, for Appellants to prevail on the second prong they must demonstrate "a reasonable expectation that [they] would again be subjected to the same action by [*TQL*]." *See Chrico v. Gateway Oaks, L.L.C.*, 384 F.3d 307, 309 (6th Cir. 2004) (emphasis in original). This Appellants cannot do.

This is largely because of what, precisely, Appellants have chosen to appeal. As noted in TQL's appellate brief, the actual injunction in this case was issued in December 2021. What Appellants have chosen to appeal, however, is an April Order that did nothing more than modify the duration of the actual injunction. Setting aside whether it is even permissible to appeal an order modifying an injunction, but not the injunction itself, the duration of the already-expired injunction is obviously not capable of repetition.

Even if the appeal could be implicitly read as appealing the actual injunction order, the result remains the same. The December injunction order did not enforce the non-compete

2

provision in Dugger's contract with TQL. Thus, while there is indeed a possibility that a future injunctive order in the case could enforce the non-compete provision, it was not enforced in the injunction order and is not part of this appeal.

This leaves the enforcement in the injunction order of the non-solicitation provision in Dugger's contract, prohibiting him from soliciting TQL's customers (but not other potential customers), and the prohibition against Traffic Tech on enjoying the fruits of Dugger's pre-order, admitted solicitations of one particular TQL customer. From TQL's perspective, even with the injunction order in place from December 2021 to September 2022, and assuming he complied with it, Dugger would still have just over two months remaining on his contractual non-solicitation obligation. Following the District Court's reasoning, the prohibition on Traffic Tech could extend, from TQL's perspective, contemporaneously with those two-plus months.

The problem for Appellants, however, is that they do not, at any point in this appeal, dispute that the District Court had sufficient grounds to enter the injunctive order itself and certainly not the part enforcing the non-solicitation obligation. In other words, the enforcement of the non-solicitation provision itself is not the "wrong" of which Appellants complain on this appeal. Instead, Appellants largely challenge the *procedure* utilized by the District Court in using the April Order that merely extended the duration of the injunctive order. And those alleged "wrongs" —that they were deprived of opportunities to argue against injunctive relief, that the District Court failed to conduct the entire analysis instead of merely modifying one part of the injunction—are not capable of repetition because they clearly will receive the benefit of full participation and opposition to any further injunctive relief.

As the docket clearly reflects, the parties were engaged in discovery ahead of briefing on a preliminary injunction motion when proceedings were stayed pending TQL's appeal of the

District Court's order denying its motion to compel arbitration. There is no indication that, when that appeal is decided and the stay is lifted, that Appellants will not have the *opportunity* of which they claimed they were deprived to argue against any future injunctive order that could be issued. That future injunctive order, if it comes at all, will be based on that very (to-be-conducted-and-completed) discovery, and it is expected Appellants will attempt to utilize that discovery to argue against any further imposition of injunctive relief.

    Thus, with regards to escaping a mootness conclusion, Appellants are done in by their own appeal. The capable of repetition yet evading review exception does not apply and Appellants' appeal should be dismissed as moot.

Sincerely yours,

/s/ *Matthew J. Wiles*
Matthew J. Wiles

*Counsel for Appellee*
*Total Quality Logistics, LLC*