November 18, 2022

**Via ECF**

United States Court of Appeals for the Sixth Circuit
540 Potter Stewart U.S. Courthouse
100 E. Fifth Street
Cincinnati, Ohio 45202-3988

Re:   *Total Quality Logistics, LLC v. Traffic Tech, Incorporated, et al*, Case No. 22-3377.

Honorable Judges of the 6th Circuit Court of Appeals,

Defendants' appeal of the preliminary injunction entered by the district court is a live controversy notwithstanding that the injunction expired on September 24, 2022, because Defendants seek to recover substantial damages—in the form of lost profits (Traffic Tech) and lost wages (Dugger)—that resulted from the wrongfully-entered injunction. Defendants' damage claim preserves the appeal.

"[O]rdinarily an appellate court should not render a ruling on the merits of a preliminary injunction, when the injunction has expired, by its own terms." *Congregation Lubavitch v. City of Cincinnati*, 941 F.2d 1209 (6th Cir. 1991) (*citing University of Texas v. Camenisch*, 451 U.S. 390 (1981)). However, when the enjoined party has a "potential cause of action against the injunction bond," the appeal of an expired preliminary injunction is not moot. *Grupo Mexicano de Desarrollo S.A. v. All. Bond Fund, Inc.*, 527 U.S. 308, 314 (1999). *Accord Liner v. Jafco, Inc.*, 375 U.S. 301, 303 (1964); *Int'l Union, United Auto., Aerospace & Agr. Implement Workers of Am.-UAW v. LaSalle Mach. Tool, Inc.,* 696 F.2d 452, 458 (6th Cir. 1982).

This bond exception to mootness derives from two United States Supreme Court decisions. First, in *Liner v. Jafco, Incorporated*, the Tennessee Chancery Court enjoined a picketing

November 18, 2022
Page 2

campaign that interfered with a construction project. While the case was pending on appeal, "construction at the site had been completed." 375 U.S. at 303. Even though the construction project was completed and therefore a review of the injunction could not affect the project, the appeal was not moot because the defendants could pursue damages "if the injunction was 'wrongfully' sued out." *Id.* at 305. Next, the United States Supreme Court again recognized this exception in *Grupo Mexicano*, where it held that an appeal of a preliminary injunction was not moot, even though the enjoined party had ultimately "lost the case on the merits" and a permanent injunction was entered. *Id.* at 318. The Court held that because the petitioners challenged the preliminary injunction on a ground "that has nothing to do with the validity of the permanent injunction," and because they have a "potential cause of action against the injunction bond," the preliminary injunction appeal was not moot. *Id.* at 314-16 (*citing Liner,* 375 U.S. at 301, 315-16).

Following this binding precedent, Circuit Courts have applied *Grupo Mexicano* and *Liner* to reach the merits of a preliminary injunction that expired during the appeal when the enjoined party has an action for damages caused by the injunction. *See e.g., Klein v. Califano*, 586 F.2d 250, 253 (3d Cir. 1978) ("[T]he appeal is not moot as [it] concerns HEW's intention to seek recoupment from the State of New Jersey for past expenditures in compliance with what it asserts to be a wrongfully granted injunction."); *Stacey G., by William & Jane G. v. Pasadena Indep. Sch. Dist.*, 695 F.2d 949, 955 (5th Cir. 1983) ("If this preliminary injunction is ultimately held to have been improvidently granted, Pasadena is entitled to recover upon the bond the parents furnished and upon which the preliminary injunction grant was conditioned."); *Am. Can Co. v. Mansukhani*, 742

November 18, 2022
Page 3

F.2d 314, 320 (7th Cir. 1984) ("The validity of an expired injunction can continue to affect the parties through an effort by the enjoined party to seek recovery on the bond for damages resulting from the injunction."); *Sletten v. Navellier Series Fund*, 172 F. App'x 196, 197 (9th Cir. 2006) ("Although the district court has vacated this order, the appeal is not moot; the Fund may have a claim against Sletten's injunction bond."); *Auto Driveaway Franchise Sys., LLC v. Auto Driveaway Richmond, LLC*, 928 F.3d 670, 675 (7th Cir. 2019) ("Our review of a dissolved preliminary injunction may continue if a party is seeking damages from the improper issuance of the injunction."). This Court is in accord. *See Int'l Union,* 696 F.2d at 458 ("If the injunction was improperly granted the employer is entitled to recover under the indemnification bond any damages which it can show to have resulted from the wrongful issuance of the injunction.") (*citing Liner*, 375 U.S. 301, 305-06).

Here, the district court erroneously entered a preliminary injunction, *sua sponte,* without a hearing, and after TQL abandoned its pursuit of such relief. By virtue of the injunction, the district court severely hampered Dugger's ability to earn a living, as it prevented Dugger (whose wages are based, in part, on commissions) from calling on any TQL customer—regardless of whether Dugger ever worked with or had knowledge of such customers. Moreover, Traffic Tech was restrained from even passively accepting business with a customer with whom it had a relationship with prior to, and independent of, hiring Dugger. This restriction applied even if Dugger was completely walled off from the customer—despite the district court's express finding that TQL had failed to establish a likelihood of success on any of its claims against Traffic Tech. These

November 18, 2022
Page 4

restraints are unlawful and have caused damages to Traffic Tech and Dugger, which they intend to recover. *See* Appellants' Mot. Dissolve, at 18-19, Case No. 22-3148, Doc. 18-1 (describing harm caused by injunction). And these errors, along with the several severe procedural deficiencies of the Preliminary Injunction, are "wholly independent of [TQL's] claim on the merits." *Grupo Mexicano*, 527 U.S. at 317. Thus, the appeal is not moot, as Defendants have a "potential cause of action" for the wrongfully entered injunction.[1] *Id*. at 314.

That the district court did not require a bond here does not make a difference as to mootness because the lack of a bond is one of the errors committed by the district court. *See* Appellants' Br., at 51-53, Doc. 14; Appellants' Reply Br., at 25, Doc. 31. Further, this Court has held that a party is not precluded from seeking damages for a wrongfully entered injunction even if no bond was set because bond can be posted "after dissolution of the injunction." *Michigan Am. Fed'n of State Cnty. & Mun. Employees Council 25, Local 1640 v. Matrix Human Services*, 589 F.3d 851, 860 (6th Cir. 2009). If this Court agrees (as it should) that the district court erred by not expressly considering whether to issue a bond, this Court can simply require TQL to post a bond as part of its Order vacating the preliminary injunction, which would allow Defendants to pursue their damage claims. In fact, in *International Union,* this Court reached the merits of a preliminary injunction appeal even though "no bond was ever actually posted." 696 F.2d at 459.

---

[1] Once the stay is lifted, Defendants intend to counterclaim for damages based on the erroneous entry of a preliminary injunction.

November 18, 2022
Page 5

The practical implication of a finding of mootness cannot be ignored. TQL ran into Court, received favorable and erroneous injunctive relief with no evidentiary hearing and no discovery. It then consented to expedited discovery to prepare for a preliminary injunction hearing; however, once Defendants sought discovery into TQL's unlawful wage practices as part of Defendants' unclean hands defense, TQL intentionally derailed the case to avoid dealing with this defense. It then filed a motion to compel arbitration—of an equitable defense—without a single case in support of its position, and then immediately appealed when the district court denied the motion, thereby depriving the district court of jurisdiction over Defendants' unclean hands defense and preventing Appellants' from pursuing this defense. A finding of mootness would effectively sanction the use of a baseless motion to compel arbitration to severely restrict a litigant's rights to present equitable defenses to injunctive relief. "Review of short-term restrictive covenants ought not to be so easily thwarted." *Medtronic, Inc. v. Janss*, 729 F.2d 1395, 1399 (11th Cir. 1984). The Court should deny TQL's attempt to create and exploit a glitch in the system by vacating the injunction and remanding with express instructions that the district court require TQL to post a security bond.

Sincerely,

/s Pamela Abbate-Dattilo                                   /s Robin D. Miller

Pamela Abbate-Dattilo                                       Robin D. Miller
**Direct Dial:** 612.492.7437                               **Telephone:** 513.445.6597
**Email:** pabbatedattilo@fredlaw.com                       **Email:** rmiller@stites.com

**Attorney for Traffic Tech, Inc.**                         **Attorney for Nickolas Dugger**